IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MWABIRA SIMERA | * | |
| v. | * | Civil Action No. CCB-21-440 |
| MORGAN STATE UNIVERSITY, et al. | * | |

************

## MEMORANDUM

Pending before the court are the defendants' motion to dismiss (ECF 24); a motion for summary judgment (ECF 27), brought by plaintiff Mwabira Simera; and a motion for leave to file a second amended complaint (ECF 40), also brought by Mr. Simera. The motions are fully briefed, and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the court will deny the plaintiff's motions, and grant the defendants' motion.

## BACKGROUND

Mwabira Simera is a former undergraduate degree candidate at Morgan State University who was admitted in January 2007. (ECF 5, First Am. Compl. ¶ 10). Mr. Simera was expelled from Morgan State University in October 2013 upon the University's determination that he submitted fraudulent documents to an academic credentialing service.  Mr. Simera alleges that, during the investigation into his academic documents, the university's sanction process and hearings, and afterward, he was subject to a variety of mistreatment at the hands of the university and its employees. Included in this list of wrongful conduct are allegations that Morgan State University conducted an "illegal secret investigation" on him, put an "86 year hold" on his academic records, and conspired to deny him a fair hearing based on his personal characteristics, possibly including race and alienage. (ECF 5 ¶¶ 23, 27, 28).

1

**PROCEDURAL HISTORY**

On November 19, 2019, Mr. Simera filed a complaint in this court alleging various claims arising from his expulsion from Morgan State University. *See Mwabira-Simera v. Morgan State Univ., et al.*, No. 1:19-cv-3320-RDB (ECF 1, Compl.) ("*Simera I*"). In *Simera I*, Mr. Simera alleged a litany of claims including constitutional violations under 42 U.S.C. § 1983, defamation, breach of contract, abuse of process, and violations of Titles VI and VII of the Civil Rights Act of 1964, the Equal Educational Opportunities Act of 1974, the Family Educational Rights and Privacy Act of 1974, the Higher Education Act of 1965, and Title IX of the Education Amendments Act of 1972. *Simera I* (ECF 1 ¶¶ 59-82). The defendants moved to dismiss the complaint, Mr. Simera failed to submit a timely response, and on June 12, 2020, the court dismissed *Simera I* with prejudice. *Id.* (ECF 22, Order Granting Mot. to Dismiss). Mr. Simera filed a motion for reconsideration, which was denied on January 29, 2021, *id.* (ECF 33, Order Denying Mot. for Reconsideration). Mr. Simera subsequently appealed both orders, *id.* but then voluntarily dismissed his appeal, *id.* (ECF 37, Order Granting Voluntary Dismissal).

On February 17, 2021, Mr. Simera filed his present complaint ("*Simera II*"), which he amended on April 7, 2021. Mr. Simera seeks redress for a variety of harms that he allegedly suffered while attending Morgan State University, and he names the University and twenty of its current and former employees as defendants.[1] As best the court can discern, the complaint contains claims of false arrest, defamation, and invasion of privacy, as well as violations of the Family

---

[1] These individual defendants are: David Wilson, Linda Farrar, Don-Terry Veal, T. Joan Robinson, Kenneth [*sic*] Jackson, Kevin Banks, Raymond Vollmer, Bickram Janak, Stacey Benn, Bisi Oladipupo, Tanyka Barber, Kara Turner, Mark Garrison, Han [*sic*] Cooper, Adrian Wiggins, Marcia Shepperson, Shire Williams, T. Byrd, Kevin Jones and V. Mitchell. All the individual defendants except Mr. Oladipupo were named defendants in *Simera I*.

Educational Rights and Privacy Act of 1974, the Higher Education Act of 1965[2] and Higher Education Amendment Act of 1972, the Family and Medical Privacy Act of 1974, the First and Fourteenth Amendment, various hate crimes statutes, and Titles VI and VII of the Civil Rights Act of 1964 (ECF 5 ¶¶ 23-30, 40, 47, 56, 57).

On July 7, 2021, Morgan State University, Mr. Banks, Ms. Turner, and Mr. Garrison[3] moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(5) and 12(b)(6). (ECF 24). Mr. Simera responded (ECFs 32, 42), and the defendants replied (ECFs 37, 43).

Subsequently, on July 27, 2021, Mr. Simera moved for summary judgment (ECF 27). The defendants responded (ECF 30); Mr. Simera did not reply. On October 13, 2021, Mr. Simera moved for leave to amend his first amended complaint (ECF 40); the defendants responded (ECF 41) and again Mr. Simera did not reply.

The court will first address Mr. Simera's motion for leave to amend.

## DISCUSSION

I. **Motion for Leave to Amend**

   a. **Standard of Review**

Federal Rule of Civil Procedure Rule 15 provides that "a party may amend its pleading. . . with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15 further provides that "[t]he court should freely give leave when justice

---

[2] Incorrectly referenced by Mr. Simera as the Higher Education Act of 1979.
[3] Mr. Banks, Ms. Turner, Mr. Garrison, and Morgan State University all are represented by the Office of the Attorney General of the State of Maryland.

so requires." *Id.* The Fourth Circuit has clarified that courts should liberally allow amendment, and leave to amend should be denied only if it "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

### b. Futility

#### i. The Standard for Futility

A proposed amendment is futile when it "could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *see also Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 267 (4th Cir. 2016) (per curiam) (affirming district court's denial of leave to amend because the amended complaint would not survive a Rule 12(b)(6) motion to dismiss).[4]

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts

---

[4] Unpublished cases are cited not for any precedential value, but for the persuasiveness of their reasoning.

"must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

While it is difficult to discern the exact requested changes Mr. Simera proposes to his complaint in his motion to amend, it appears that he desires to add allegations regarding Morgan State University's decision to place a hold on his transcript. (*See* ECF 40 at 1) ("Plaintiff [] requested [University counsel and staff] to help obtain transcripts was directed to submit the request directly to Registrar [sic] revealed that University never lifted its "Hold" . . . Even plaintiff's request for copies were [sic] denied"). These allegations, however, are duplicative of those contained in Mr. Simera's first amended complaint. (*See* ECF 5 ¶ 27) (alleging that "Defendants . . . placed an '86 year Hold' on account without graduation nor transcripts . . ."). As the addition of redundant material does not cure any deficiency in the operative first amended complaint, Mr. Simera's proposed amendments are thus futile. Accordingly, the motion for leave to amend will be denied.[5]

## II.   Motion for Summary Judgment

Next, Mr. Simera has failed to demonstrate why he is entitled to summary judgment. Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the

---

[5] The defendants also argue, and Mr. Simera does not dispute, that he did not follow Local Rule 103.6(d) by first seeking the defendants' consent to amend his complaint before filing with the court. *See* Local Rule 103.6(d). Nor did Mr. Simera file a proposed clean copy and redlined original copy for the court's review, per Rule 103.6. As the court finds that the proposed amendments are futile, there is no need to address these additional arguments.

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While Mr. Simera argues that the defendants "act[ed] erratically" by requesting an extension of time, he fails to show that no genuine dispute of fact exists as to *any* of his unformulated claims. (ECF 30 at 1). The attached exhibits fail to lend support to his motion; rather, they include brief correspondence between Mr. Simera and Morgan State University, Mr. Simera's transcript, and a copy of his previous filing with the court requesting not to serve the individual defendants separately from Morgan State University. (ECF 30 at 5-26). His motion for summary judgment will therefore be denied.

### III.     Motion to Dismiss

Lastly, the court addresses the defendants' argument that Mr. Simera's claims should be dismissed as barred by the doctrine of *res judicata*.

#### a.   Claim Preclusion Requires Dismissal

*Res judicata*, also known as claim preclusion, is an "affirmative defense barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been—but was not—raised in the first suit." RES JUDICATA, *Black's Law Dictionary* (11th ed. 2019). "Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) (other citations omitted). For *res judiata* to bar a second action, "there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the

6

two suits." *Id.* at 354-55 (citing *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). "The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (citations and internal quotation marks omitted).

There is no genuine question that the claims contained in the present complaint are barred by *res judicata*: the factual allegations contained in *Simera II* are nearly identical to those in *Simera.I*. Each element of claim preclusion is met. First, this court's order dismissing *Simera I* is final after Mr. Simera voluntarily dismissed his appeal. Second, both complaints arose from the same series of transactions: Morgan State University's decision to expel and later bar Mr. Simera from campus. *Compare Simera I* (ECF 1 ¶¶ 19-75) and *Simera II* (ECF 5 ¶¶ 10-56). Both cases alleged the same wrongful conduct on the part of the defendants, including conducting an illegal, secret investigation into the life of Mr. Simera from 2012 to 2016, *Simera I* (ECF 1 ¶¶ 27, 30(c)) and (ECF 5 ¶ 23); placing an eighty-six-year hold on his transcript, *Simera I* (ECF 1 ¶ 36) and (ECF 5 ¶ 27); denying him access to campus in August 2014, *Simera I* (ECF 1 ¶¶ 42, 46) and (ECF 5 ¶¶ 27, 37); and conspiring to deny him a fair hearing in 2016, *Simera I* (ECF 1 ¶ 65) and (ECF 5 ¶ 28). The complaints mirror each other to the extent that *Simera I* and *Simera II* each raise the same claims under the same causes of action: defamation, § 1983 claims, and violations of Titles VI and VII, the Higher Education Act, the Higher Education Amendment Act, the Family and Medical Privacy Act, and the Family Educational Rights and Privacy Act, *inter alia*. *Simera I* (ECF 1 ¶¶ 59-83) and (ECF 5 ¶¶ 57-62). And third, both cases involved the same parties (with the exception of Mr. Oladipupo, who as a current or former employee of Morgan State University is

in privity with the prior defendants). *Simera II* is thus claim precluded and the complaint will be dismissed.[6]

## CONCLUSION

For the reasons discussed herein, the plaintiff's motion for leave to file a second amended complaint is futile and will be denied; the plaintiff's motion for summary judgment will be denied; and the defendants' motion to dismiss will be granted.

A separate Order follows.

   2/24/22       /S/   
Date                                          Catherine C. Blake
                                                   United States District Judge

---

[6] In addition to being barred by the doctrine of *res judicata*, Mr. Simera's claims are also time-barred. The latest date referenced in the complaint appears to be June 18, 2016, when Mr. Simera alleges that he attended a "denial hearing." (ECF 5 ¶ 28). The present lawsuit, *Simera II*, was filed over four-and-a-half years later, on February 17, 2021. (*See* ECF 1). None of Mr. Simera's multiple claims are properly pled within their applicable statute of limitations. *See, e.g.,* Md. Code Ann., Cts. & Jud. Proc. § 5-105 (one-year limitations period for defamation claims); Md. Code Ann., State Gov't §§ 12-106, 12-202 (tort and breach of contract claims against state agencies must be brought within three years and one year of the date the claim arose, respectively) *Jersey Heights Neighborhood Ass'n v. Glendenning*, 174 F.3d 180, 187 (4th Cir. 1999) (holding the statute of limitations for § 1983 claims is three years). As the complaint will be dismissed, the court does not address each claim's respective statute of limitations, nor all of the defendants' additional arguments for dismissal.